**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ALDO RENDON,
*on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

Plaintiff,

v.

ARISTOTLE PSYCHOLOGICAL AND BIOFEEDBACK SERVICES PLLC, and
VAIA DELIDIMITROPULU,

Defendants.

---

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**
Jury Trial Demanded

Plaintiff ALDO RENDON ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant ARISTOTLE PSYCHOLOGICAL AND BIOFEEDBACK SERVICES PLLC ("APBS" or "Corporate Defendant"), and Defendant VAIA DELIDIMITROPULU ("Individual Defendant"), (collectively with the Corporate Defendant, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and similarly situated individuals are entitled to recover from Defendants: (1) unpaid minimum wages, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff alleges that, pursuant to the New York Labor Law ("NYLL"), he and similarly situated individuals are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid wages, due to time shaving, (3) damages for late payments of wages, (4) liquidated damages, (5) statutory penalties due to WTPA violations, and (6) attorneys' fees and costs.

3. Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the NYLL, shortly after Plaintiff made a lawful complaint concerning his wages and seeks to recover from Defendants: (1) economic damages, (2) punitive damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. For all relevant periods, Plaintiff ALDO RENDON was a resident of Bronx County, New York.

7. Corporate Defendant is a domestic professional limited liability company organized under the laws of the State of New York and authorized to do business in the State of New York, with

an address for service of process and a principal place of business located at 31-09 37th Street, Astoria, NY 11103.

8. Individual Defendant VAIA DELIDIMITROPULU is the owner of Corporate Defendant. VAIA DELIDIMITROPULU exercises, and delegates to managers and supervisors, the authority to (1) fire and hire employees; (2) supervise and control employee work schedules; (3) determine the rate and method of pay; (4) maintain employment records; and (5) otherwise affect the quality and terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members.

9. Individual Defendant VAIA DELIDIMITROPULU exercises functional control over the business and financial operations of the Corporate Defendant.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including front desk receptionists, secretaries, billing clerks, counseling assistants, biofeedback assistants, and medical records clerks, among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their wages, including minimum wages, for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including front desk receptionists, secretaries, billing clerks, counseling assistants, biofeedback assistants, and medical records clerks, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class" or Class Members).

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subjected to the same corporate practices by Defendants, as alleged herein, of Defendants': (1) failure to pay minimum wage, (2) failure to pay all wages, due to time shaving, (3) failing to provide proper wage and hour notices, at dates of hiring and annually thereafter, per requirements of the New York Labor Law, (4) failing to provide proper wage and hour statements, per requirements of the New York Labor Law, and (5) failing to pay employees on a weekly basis in accordance with NYLL § 191(1)(a). Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures of Defendants.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who

are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d) At what common frequency or frequencies were and are Defendants required to pay Plaintiff and Class Members for their work;

e) Whether Defendants properly notified Plaintiff and the Class Members of their hourly rates and overtime rates;

f) Whether Defendants failed to compensate Plaintiff and Class Members for all hours, including overtime, worked due to time shaving;

g) Whether Defendants paid Plaintiff and Class Members minimum wage for all hours worked;

h) Whether Defendants provided Plaintiff and Class Members with proper wage and hour notices, at their dates of hiring and annually, per requirements of the New York Labor Law; and

i) Whether Defendants provided Plaintiff and Class Members with proper wage statements with each payment of wages, as required by New York Labor Law.

## STATEMENT OF FACTS

*Plaintiff's Employment Background*

24. On or around October 10, 2024, Plaintiff was hired by Defendants to work as a front desk receptionist for Defendants at Aristotle's Psychological & Biofeedback Services, located at 31-09 37th Street, Astoria, NY 11103. Plaintiff's employment with Defendants terminated on or around December 9, 2025.

25. At all relevant times, Plaintiff was scheduled to work four (4) days per week, from 9:30 a.m. to 5:00 p.m., for a total of thirty (30) hours per week. FLSA Collective Plaintiffs and Class Members worked shifts of similar lengths.

26. At all relevant times, Plaintiff was compensated at a rate of $16.50 per hour. FLSA Collective Plaintiffs and Class Members were compensated at similar rates.

*Unpaid Minimum Wages*

27. Defendants failed to pay Plaintiff any wages for the work he completed during the months of May 2025 and July 2025. Plaintiff's hours for these months were removed from ADP, Defendants' payroll system, resulting in Plaintiff receiving no compensation whatsoever for approximately two (2) months of full-time work.

28. On multiple occasions, Plaintiff contacted Individual Defendant via text message to inquire about his missing wages. In response, Individual Defendant told Plaintiff that the delayed payments were the result of a payroll issue and that Defendants had not received income from insurance companies. Individual Defendant, however, took no meaningful steps to resolve the issue or ensure that Plaintiff received the compensation he was owed.

29. On or around December 1, 2025, Plaintiff and his fellow front desk receptionists, Ye [LNU], Jasmine [LNU], and Lizbeth [LNU] sent a group email to Defendants' management and Individual Defendant demanding immediate and consistent weekly pay and full repayment of all owed wages, including the wages removed from ADP for May 2025 and July 2025. In the email, the employees stated that they had endured months of financial strain due to Defendants' failure to pay them and expressed that the situation was unfair and unacceptable. Despite receiving this additional communication, Individual Defendant and Defendants failed to take any meaningful action to remedy the situation or provide Plaintiff and his coworkers with the legally required compensation.

30. FLSA Collective Plaintiffs and Class Members were subjected to the same practices, as Defendants' failure to pay wages affected all non-exempt employees during this period.

31. Defendants knowingly and willfully operated their business with a policy of failing to pay minimum wages owed, in violation of the FLSA and NYLL.

*Time Shaving*

32. At all relevant times, Defendants failed to compensate Plaintiff and Class Members for all hours worked, due to time shaving.

33. Plaintiff was given a fifteen-minute meal break for each shift. Although Defendants were required by law to pay Plaintiff and Class Members for short rest breaks of under twenty (20) minutes, Defendants did not compensate them for such breaks. Rather, Defendants required that Plaintiff and Class Members clock in and out to take these breaks.

34. Short breaks are compensable time under the NYLL. "The NYLL incorporate[s] [the] FLSA['s] standards for determining whether time worked is compensable time." *Perkins v. Bronx Lebanon Hosp. Ctr.*, 2016 U.S. Dist. LEXIS 151364, at *3 n.6 (S.D.N.Y. Oct. 31, 2016) (internal quotation marks and citation omitted); *see also Martin v. Waldbaum, Inc.*, 1992 U.S. Dist.

LEXIS 16007, at *6 (S.D.N.Y. Jan. 5, 2012) ("the Court finds, as a matter of law, that breaks of less than twenty minutes are compensable") (emphasis added); *Espinoza v. 953 Assocs. LLC,* 280 F.R.D. 113, 121 (S.D.N.Y. 2011) ("Rest periods of short duration must be counted as hours worked.") (citing 29 C.F.R. § 785.18); *Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420, 432 (3d Cir. 2017) ("[T]he government should not be in the business of determining what employees do on short work breaks, much less attempting to evaluate which short breaks merit or do not merit compensation. . . . [E]mployers and employees are best served by the bright line time test currently provided in Section 785.18.") (citation omitted).

35. Here, Defendants violated the FLSA's "bright line time test" pursuant to 29 C.F.R. 785.18, under which Defendants were required to compensate Plaintiff for breaks lasting from five (5) minutes to about twenty (20) minutes:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time. (*Mitchell v. Greinetz*, 235 F. 2d 621, 13 W.H. Cases 3 (10th Cir., 1956); *Ballard v. Consolidated Steel Corp., Ltd.*, 61 F. Supp. 996 (S.D. Cal. 1945)).

36. At all relevant times, Class Members were similarly subjected to similar practices and were not compensated for short breaks under twenty (20) minutes.

37. Defendants knowingly and willfully operated their business with a policy and practice of failing to compensate Plaintiff and Class Members for short breaks, in violation of the NYLL.

*Late Payments of Wages*

38. At all relevant times, Defendants failed to provide Plaintiff and Class Members with timely payments of wages, in violation of the NYLL.

39. Plaintiff and Class Members are manual workers. Plaintiff and Class Members spent the majority of their workdays performing duties that required sustained physical effort. These duties included pulling, filing, and organizing physical patient files and records, operating and maintaining office equipment such as printers, scanners, fax machines, and multi-line phone systems, stocking and organizing front desk supplies, and maintaining the cleanliness and orderliness of the front desk and waiting area throughout the day. Due to their status as manual workers, Plaintiff and Class Members are entitled to weekly compensation pursuant to NYLL § 191(1)(a).

40. However, from in or around January 2025 until the end of Plaintiff's employment with Defendants, Defendants failed to timely pay Plaintiff and Class Members on a weekly basis. Rather, Defendants routinely made payments one (1) month late, leaving Plaintiff and Class Members without wages for extended periods. As a result, Plaintiff and Class Members did not receive their wages within seven (7) calendar days of the end of the week in which those wages were earned, in violation of NYLL § 191(1)(a). This delayed payment caused Plaintiff and Class Members to struggle to timely pay bills and other financial obligations.

41. Defendants knowingly and willfully failed to compensate Plaintiff and Class Members for all hours worked and knowingly and willfully operated their business in violation of NYLL's requirements regarding the frequency with which Plaintiff and Class Members must be paid.

*WTPA Violations*

42. At all relevant times, Defendants failed to provide accurate wage notices and wage statements to Plaintiff and Class Members, in violation of the Wage Theft Protection Act ("WTPA"), incorporated into the NYLL.

43. In failing to provide proper accurate wage statements and notices, Defendants have failed to comply with the law in a manner that entails a concrete harm to an interest identified by the New York State legislature. Following the decision in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 303 (2d Cir. 2024), courts have generally held that there is no categorical bar on Article III standing for WTPA claims. Instead, the Second Circuit found that "[t]he lack of such notices and statements might impair 'an employee's ability to seek relief for violations they may not have information about'" to an extent sufficient to support standing.

44. New York courts continue to find sufficient standing to support these claims. One such court stated the following at Summary Judgment:

> "Here, the Court determines that Plaintiffs have adequately alleged and established actual and concrete downstream harm as a result of Defendants' failure to provide the required wage and hour notices and wage statements. Plaintiffs have shown that "Defendants' violations impaired their ability to seek relief due to a lack of information." More than that, Plaintiffs have proved, and the Court agrees, that Defendants' failure to maintain proper wage statements because of their automatic meal-break deduction and eight-hour rounding led Plaintiffs to lose wages. These are exactly the types of harm that the Second Circuit considered to be sufficient to establish standing in *Guthrie*. Therefore, the Court finds for Plaintiffs on this issue."

*Sanchez v. Clipper Realty, Inc.*, 2026 U.S. Dist. LEXIS 36716, *61 (S.D.N.Y. February 23, 2026) (internal citations removed).

45. Here, Defendants' conduct has led to exactly the kind of injury contemplated in *Guthrie* and *Sanchez.* By failing to inform Plaintiff and Class Members of the actual hours that they worked by not providing them with wage statements, Defendants were able to hide their wrongdoing, as Plaintiff and Class Members were unaware of the fact that they were being underpaid. Had Defendants provided proper wage statements to Plaintiff and Class Members which accurately listed the total number of hours Plaintiff and Class Members actually worked, as required by law, Defendants would have had to either (a) increase the wages to correspond to the

hours actually worked or (b) forthrightly acknowledge, by way of the wage statement, that the employee's wages did *not* correspond to the hours the employee actually worked.

46. By failing to report all of Plaintiff's and Class Members' hours, Defendants were able to reduce the employee earnings, and Defendants' contribution to those earnings, that they later reported to the IRS through the employee's W-2 form, as such information is derived from the information on employees' wage statements. The effect of reporting reduced wages on an employee's W-2 is, in turn, to reduce the amount of benefits available to the employee—such as unemployment benefits and social security benefits—as an employee's entitlement to benefits reflects how much money he or she is reported as having contributed to the social security system. As a result, Plaintiff and Class Members were irreversibly injured with respect to their benefits (including social security benefits)—a fact which Defendants were able to hide from them by failing to provide them with proper wage statements.

47. Furthermore, Defendants failed to provide any wage notices to Plaintiff or Class Members. Even if Defendants provided wage notices, the wage notices would have been inadequate as they would have failed to provide employees' actual pay rates, which were reduced by Defendants' time shaving. Once again, had Defendants provided Plaintiff and Class Members with wage notices that communicated the rates that Defendants actually intended to pay them, Plaintiff and Class Members would have been able to contest the unfair pay rates or choose not to take a job with Defendants. Instead, due to Defendants' intentional hiding of that information, Plaintiff and Class Members accepted their employments with Defendants without the knowledge that Defendants did not intend to be bound to their promised pay rates.

48. Defendants knowingly and willfully operated their business with a policy of failing to provide Plaintiff and Class Members with wage notices and accurate wage statements, in violation of the NYLL.

49. Defendants knowingly and willfully operated their business with a policy of failing to provide Plaintiff with wage notices and accurate wage statements, in violation of the NYLL.

*Plaintiff's Individual Claim for Retaliation Under the NYLL*

50. On or around December 1, 2025, Plaintiff and his fellow front desk receptionists sent a group email to Defendants' management and Individual Defendant demanding immediate and consistent weekly pay beginning December 1, 2025, full repayment of all owed wages—including the wages removed from ADP for May 2025 and July 2025—and accurate correction of punch-in and punch-out records. In the email, the employees stated that they had endured months of financial strain due to Defendants' failure to pay them and expressed that the payroll situation was unfair and unacceptable. Plaintiff additionally threatened to report Defendants to the Department of Labor and the Department of Human Rights.

51. Shortly after Plaintiff and his coworkers exercised their rights and demanded the wages they were lawfully owed, Individual Defendant swiftly retaliated by removing Plaintiff from the work schedule entirely. In text messages exchanged between Plaintiff and Individual Defendant on or around December 9–13, 2025, Individual Defendant made her retaliatory motive unmistakably clear, telling Plaintiff: "I am extremely upset for now and I don't want you back for the time being," and explicitly blaming Plaintiff for an ADP penalty that Defendants themselves incurred as a direct result of their own unlawful payroll practices. Individual Defendant doubled down, stating: "No you can't [come in] because I paid penalty 10800 because of all this mess with your pressure." Rather than accepting responsibility for Defendants' own wage violations,

Individual Defendant chose to punish Plaintiff for speaking up by stripping him of his livelihood. *See* **Exhibit A**, Text Correspondence Between Plaintiff and Individual Defendant.

52. Defendants' sudden termination of Plaintiff was clearly for retaliatory reasons arising from Plaintiff's complaints about underpayment. Any other reasons for Plaintiff's termination are clearly pretextual.

53. As a result of Defendants' retaliatory conduct, Plaintiff suffered from lost earnings and egregious emotional distress.

54. Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs, and Class Members in this litigation, and has agreed to pay the firm a reasonable fee for its services if they prevail.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

55. Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

56. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

57. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

58. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs their minimum wages for all hours worked.

59. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages when Defendants knew or should have known such was due.

61. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

62. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and liquidated damages.

63. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

64. Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

65. At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

66. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members their minimum wages for all hours worked.

67. Defendants willfully violated Plaintiff's and Class Members' rights by subjecting them to a policy of failing to pay wages for all hours worked, due to time shaving.

68. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay their wages on a weekly basis as required by NYLL § 191(1)(a) for manual workers, resulting in payments that were routinely one (1) month late.

69. Defendants failed to provide Plaintiff and Class Members with proper wage and hour notices, at their dates of hiring and annually, per requirements of the New York Labor Law.

70. Defendants failed to provide Plaintiff and Class Members with proper wage statements with every payment as required by New York Labor Law § 195(3).

71. Due to Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants: their unpaid wages, damages for unreasonably delayed payments of wages, liquidated damages, statutory penalties, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to the New York Labor Law.

## COUNT III

## RETALIATION UNDER NEW YORK LABOR LAW

72. Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

73. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the NYLL and was a person covered by and intended to benefit from the provisions of the NYLL.

74. Defendants willfully violated the NYLL by retaliating against Plaintiff shortly after he raised concerns about Defendants' unlawful policies regarding frequency of payment of wages.

75. In response to such complaints, Defendants terminated Plaintiff in violation of Section 215(1)(a).

76. Defendants' actions constitute a violation of Section 215 of the NYLL. In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (1) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer was engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner

77. Defendants' conduct was in willful disregard of the provisions of the NYLL.

78. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of back pay from lost earnings, compensatory damages, and punitive damages. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interests, attorneys' fees and costs, as provided for under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the NYLL;

d. An award of unpaid wages, as a result of time shaving, due under the NYLL;

e. An award of damages for unreasonably delayed payments of wages, including interest and liquidated damages, as a result of Defendants' willful failure to pay Plaintiff and Class Members timely on a weekly basis as required under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages pursuant to the NYLL;

i. An award of pre-judgment and post-judgment interests, costs, and expenses of this action together with reasonable attorneys' and experts' fees and statutory penalties;

j. An award of back pay, front pay, compensatory damages, punitive damages, and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the NYLL;

k. Designation of this action as a collective action pursuant to 29 U.S.C. § 216(b);

l. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiff as a Representative of the Class; and

o. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 17, 2026
New York, New York

Respectfully submitted,

By: */s/ C.K. Lee*

C.K. Lee, Esq. (CL 4086)
**LEE LITIGATION GROUP, PLLC**
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*